**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1945
_____

BOENG LIN TAN; HENNY ELLY SANAWATI,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A079-734-399 & A096-205-610)
Immigration Judge:  Honorable R.K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2010
Before: Chief Judge SCIRICA, SMITH and WEIS, Circuit Judges
(Opinion filed: March 31, 2010)
_____

OPINION
_____


PER CURIAM.

        Petitioners Boeng Li Tan and Henny Elly Sanawati petition for review of a

decision by the Board of Immigration Appeals ("BIA") rendered on March 4, 2009.  For

the following reasons, we will dismiss in part and deny in part the petition for review.

1

## I. Background

Petitioners, a married couple with two United States citizen children, are natives and citizens of Indonesia. They arrived in the United States in 1998 and were placed in removal proceedings in 2003. They conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners claim they suffered past persecution and fear future persecution and torture in Indonesia because they are ethnic Chinese Christians.

After a hearing, the Immigration Judge ("IJ") issued an oral decision on March 20, 2008. The IJ determined that Petitioners are statutorily ineligible for asylum because they filed their applications more than one year after the statutory deadline and do not satisfy any exception to excuse the untimeliness. The IJ concluded that Petitioners failed to establish eligibility for withholding of removal or protection under the CAT because they did not testify to past harm sufficient to rise to the level of persecution and they failed to establish a clear probability of future persecution or that anyone would torture them if they were to return to Indonesia.

Petitioners appealed. They did not contest the IJ's conclusion concerning their statutory ineligibility for asylum or the decision to deny CAT relief. They claimed only that they had established a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. On March 4, 2009, the BIA affirmed the IJ's decision and dismissed the appeal.

2

This timely counseled petition for review followed.

## II. Analysis

We generally review only final orders of the BIA. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, in cases where "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, [this Court has] authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the rejection of Petitioners' claims under the deferential substantial evidence standard. See Toure v. Att'y Gen., 443 F.3d 310, 316 (3d Cir. 2006). Accordingly, we will not disturb the decision "unless any reasonable adjudicator would be compelled to conclude to the contrary." Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (citations omitted).

The BIA affirmed the IJ's conclusion that Petitioners were not entitled to withholding of removal because they failed to establish a "pattern or practice of persecution" of ethnic Chinese Christians in Indonesia. See 8 C.F.R. § 1208.16(b)(2). Among other things, in order to meet their burden of proof for this claim, Petitioners were required to present objective evidence demonstrating that persecution of ethnic Chinese Christians in Indonesia is "systemic, pervasive, or organized." See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005).

To date, our case law has not conclusively addressed whether or not a pattern or practice of persecution of ethnic Chinese Christians exists in Indonesia. See

Sukwanputra v. Gonzales, 434 F.3d 627, 637 n.10 (3d Cir. 2006). However, we have considered State Department Reports from 1999, 2003, and 2004, and have concluded that these reports do not demonstrate persecution that constitutes a pattern or practice. See Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008); Lie, 396 F.3d at 537.[1] We have also noted that recent State Department reports tend to reflect improving treatment of ethnic Chinese Christians in Indonesia. See Wong, 539 F.3d at 234.

In reaching a decision in this case, the IJ relied upon the most recent State Department Reports that appear in the record, which are from 2006 and 2007. (See A.R.312-22, 394-405, 419-46.) In essence, the IJ concluded that the reports reflect that the Indonesian government has made efforts to improve the situations for ethnic Chinese and Christian individuals. For instance, she noted that Indonesia has abolished discriminatory laws and does not support the religious tensions in the country. The BIA upheld the IJ's factual findings based upon these reports, concluding that they did not establish the necessary "systemic, pervasive, or organized" persecution of ethnic Chinese Christians. See Lie, 396 F.3d at 537.

Based upon our close review of the record, we conclude that substantial evidence supports the decision that Petitioners failed to establish a pattern or practice of

---

[1] For example, the 2003 and 2004 State Department Reports "generally emphasize the steps taken by the Indonesian government to promote religious, racial, and ethnic tolerance and to reduce interreligious violence . . . [and] indicate that private parties, not government officials, are the predominant cause of harassment and violence." Wong, 539 F.3d at 233-34.

persecution of ethnic Chinese Christians in Indonesia. Similarly to the reports we considered in Lie and Wong, Petitioners' proffered 2006 and 2007 State Department reports contain evidence undermining their pattern or practice claim.[2] The evidence in the record does not compel the conclusion that a pattern or practice of persecution of ethnic Chinese Christians exists in Indonesia. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also Wong, 539 F.3d at 233-34; Lie, 396 F.3d at 537.

Although Petitioners dispute this result, they offer nothing more than conclusory statements to the effect that they presented "overwhelming evidence of . . . a pattern or practice of persecution against ethnic Chinese and Christians in Indonesia. . . ." They point to nothing in the record to undermine the substantial evidence supporting the IJ's and BIA's conclusions. Accordingly, we must deny their withholding of removal claim.[3]

_____

[2] For example, the 2007 State Department Report on International Religious Freedom states that "the Government generally respected" religious freedom, that "[t]here was no change in the status of respect for religious freedom by the Government during the reporting period," and that "most of the population enjoyed a high degree of religious freedom." (A.R. 394.)

[3] Petitioners attempt to rely upon Mufied v. Mukasey, 508 F.3d 88, 91-92 (2d Cir. 2007), a decision by the Court of Appeals for the Second Circuit. In Mufied, the applicant argued that there was a pattern or practice of persecution of Christians in Indonesia, but the IJ and BIA failed to consider the claim. Accordingly, the Second Circuit remanded the matter so the BIA could consider in the first instance whether the applicant had proffered evidence that established "systemic, pervasive, or organized" persecution of Christians in Indonesia. Id. at 93. Here, in contrast, the IJ and BIA considered and rejected Petitioners' pattern or practice claim. Accordingly, Mufied is not relevant to our consideration of this matter.

Throughout their brief on appeal, Petitioners also contend they are entitled to asylum and CAT relief. We must dismiss these claims. We lack jurisdiction to review the IJ's conclusion that Petitioners applied for asylum outside of the statutory deadline and failed to present circumstances to toll the deadline. See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). In addition, when they appealed to the BIA, Petitioners failed to dispute the IJ's decision to deny CAT relief. Accordingly, that claim remains unexhausted. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)].

### III. Conclusion

For the foregoing reasons, we will dismiss in part and deny in part the petition for review.